UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE ASSI,<br>    Plaintiff,<br>v.<br>CITIBANK NATIONAL ASSOCIATION,<br>    Defendant. | Case No. 14-cv-03241-JD<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING SANCTIONS**<br><br>Re: Dkt. Nos. 17, 18 |

## INTRODUCTION

Yvette Assi, a former Citibank ("Citi") employee, filed suit after being discharged in May 2013. Despite agreeing to Citi's dispute arbitration policy when she was hired, Assi now seeks to litigate her employment claims in this Court on the ground that the Citi policy is unconscionable and unenforceable. This district has reviewed the Citi arbitration agreement in other cases and found it enforceable. This Court agrees and orders the case to arbitration. Citi's request for sanctions is denied.

## BACKGROUND

The record before the Court is replete with facts showing Assi's consent to arbitration. When Assi initialed all pages and signed her employment offer with Citi on January 19, 2012, she agreed that any "controversy or dispute relating to [her] employment with or separation from Citi" would be subject to Citi's arbitration policy. Dkt. No. 17, Exs. A, B. She again agreed to be bound by this policy when she signed her Dual Offer Agreement and the Principles of Employment. *Id.* at Exs. B, C. She also initialed the pages containing the arbitration provisions. *Id.* at Exs. A, B, C. In addition, Assi completed an employment application, which required her to acknowledge that she understood that Citi had an employment arbitration policy described in the

Employee Handbook and the Principles of Employment.  *Id.* at Ex. D.  She acknowledged receiving the handbook and a copy of the policy.  *Id.* at Ex. E.

The Citi policy requires employment-related disputes to be conducted under the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA"), as modified and expanded by Citi.  *Id.* at Ex. G.  The applicable rules are laid out in the policy itself.  *Id.*  The policy also states that if the rules are in conflict with AAA's rules at the time of filing an arbitration action, AAA rules prevail.  *Id.*

After Assi was discharged from Citi in May 2013, she filed suit in the San Francisco County Superior Court.  Dkt. No. 17, Ex. 1.  Citi removed the case to federal court and demanded arbitration, but Assi refused.  *Id.*  This motion to compel arbitration and the motion for sanctions followed.  Dkt. Nos. 17, 18.

## DISCUSSION

### I. MOTION TO COMPEL ARBITRATION

#### A. Legal Standard

Defendant's motion to compel arbitration is governed by the Federal Arbitration Act ("FAA").  The FAA's "overarching purpose . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate informal, streamlined proceedings."  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011).  "Agreements to arbitrate that fall within the scope and coverage of the Federal Arbitration Act . . . must be enforced in state and federal courts."  *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 24 (2011).  A district court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  If the district court determines that a valid arbitration agreement encompasses the dispute, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms.  *Id.*

#### B. Unconscionability

Plaintiff does not dispute that an arbitration agreement exists and that it encompasses Assi's claims.  The parties diverge with respect to the validity of the agreement.  Specifically,

2

plaintiff contends that the agreement is invalid because it is unconscionable.

Well-established precedent resolves this issue against Assi. To determine whether a valid, enforceable arbitration agreement exists, a district court must look to state law. *Lowden v. T–Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) ("We apply state-law principles that govern the formation of contracts to determine whether a valid arbitration agreement exists."). A court may consider "generally applicable contract defenses, such as fraud, duress, or unconscionability . . . without contravening § 2 [of the FAA]." *Doctor's Assocs. Inc., v. Casarotto*, 517 U.S. 681, 687 (1996). Here, both parties have briefed and argued the issues solely under California law. Accordingly, this order will take California law as controlling, just as the parties have done. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006).

To be deemed unenforceable under California law, an arbitration agreement must be both procedurally and substantively unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). The party challenging the validity of the arbitration clause has the burden of proving unconscionability. *Nagrampa v. Mailcoups Inc.*, 401 F.3d 1024, 1027 (9th Cir. 2005). The inquiry into procedural validity focuses on "oppression or surprise due to unequal bargaining power," while the substantive inquiry focuses on "overly harsh or one-sided results." *Id.* (internal quotation marks omitted). The validity of an agreement is judged on a "sliding scale": "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id*.

**1. Substantive Unconscionability**

Substantive unconscionability turns on the harshness or one-sided nature of the substantive terms of the contract. *Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638, 658 (2004). Assi relies heavily on a Ninth Circuit holding that:

> under California law, a contract to arbitrate between an employer and an employee . . . raises a rebuttable presumption of substantive unconscionability. Unless the employer can demonstrate that the effect of a contract to arbitrate is bilateral -- as is required under California law -- with respect to a particular employee, courts should presume such contracts substantively unconscionable.

3

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1174 (9th Cir. 2003). The employer need only demonstrate that the agreement contains a "modicum of bilaterality" or that there is a reasonable justification for the agreement's one-sidedness, based on business realities. *Armendariz*, 24 Cal. 4th at 117.

The parties debate whether *Ingle* is still good law after the Supreme Court's arbitration holdings in *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011), and similar decisions. The Court need not, and does not, decide that issue now because, giving Assi every benefit of the doubt about the current vitality of *Ingle*, the Citi policy survives review under it. As Citi argues, the *Ingle* presumption is not triggered when "the employer can demonstrate that the effect of a contract to arbitrate is bilateral," which Citi has successfully done here. *Ingle*, 328 F.3d at 1174. Assi claims the policy only requires employees, but not the employer, to submit disputes to arbitration. Dkt. No. 19 at 11. That is incorrect. The policy's language can "reasonably be construed as including disputes that Citibank might have with an employee." *Dittenhafer v. Citigroup*, No. C 10-1779 PJH, 2010 WL 3063127, at *5-6 (N.D. Cal. Aug 2, 2010). The Employment Application states that "the employment arbitration policy is a mutual agreement," the Principles of Employment provide that in the event of a dispute "we both agree to submit the dispute . . . to binding arbitration," and the Employee Handbook provides that no provision constitutes a waiver "of Citi's or your right to compel arbitration of employment-related disputes." Dkt. No. 17, Exs. D, B, F. The policy itself provides that arbitration is the required and exclusive forum for "all disputes" that arise between an employee or former employee and Citi, and that nothing in the policy shall prevent "either party from seeking injunctive relief in aid of arbitration." *Id.* at Ex. G. The policy clearly requires both employees and employer to submit disputes to arbitration, and consequently it is not presumptively unconscionable.

Assi also argues that Rule 23(e) of the arbitration policy is substantively unconscionable because it allocates arbitration costs to the plaintiff in violation of California law. Rule 23(e) states: "The allocation of expenses as provided for in 'a' through 'd' may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were

asserted in bad faith."[1]  Dkt. No. 17, Ex. H.  Under California law, "when an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110–11.  But the fee-shifting provision in the agreement is not unlike the rules and statutes that permit the imposition of costs and fees in judicial proceedings.  "Indeed, state and federal courts have similar power to engage in 'fee shifting' to punish such bad-faith conduct." *Valle v. Lowe's HIW, Inc.*, No. 11-1489 SC, 2011 WL 3667441, at *6 (N.D. Cal. Aug. 22, 2011) (finding JAMS rule in arbitration agreement allowing arbitrator to sanction parties for binging bad faith or unreasonable actions not substantively unconscionable).  Plaintiff has failed to address whether awarding arbitration fees for frivolous or bad faith claims is unconscionable, and therefore cannot evade arbitration on this ground.

Lastly, plaintiff argues that Rule 19 of the agreement, which requires the arbitrator to be governed by applicable local, state and federal law, as well as applicable Citi policies and procedures, is so one-sided as to be substantively unconscionable.  Dkt. No. 19 at 7.  Contrary to plaintiff's assertion, allowing the arbitrator to be governed by applicable Citi policies and procedures does not infer that an arbitrator would be bound by those policies if they conflicted with applicable law.  Rule 19 does not prevent the arbitrator from evaluating the legality of Citibank's actions and is not so one-sided as to be unconscionable.

Two other Northern District courts have found this precise arbitration policy is not substantively unconscionable, and this Court agrees.  *See Dittenhafer*, 2010 WL 3063127, at *5-6; *Edwards v. Metro. Life Ins. Co.*, No. C 10-03755 CRB, 2010 WL 5059553, at *5 (N.D. Cal. Dec. 6, 2010).

**2. Procedural Unconscionability**

An agreement is procedurally unconscionable where it is "a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the

---

[1] The expenses provided for in "a" through "d" include filing fees, hearing fees and arbitrator fees, postponement/cancellation fees and other expenses such as the arbitrator's travel expenses.

1  opportunity to adhere to the contract or reject it." *See Ting v. AT&T*, 319 F.3d 1126, 1148 (9th

2  Cir. 2003). Citibank does not dispute that the contract here is procedurally unconscionable: it is a

3  contract of adhesion, as "it was imposed on employees as a condition of employment and there

4  was no opportunity to negotiate." *Armendariz*, 24 Cal. 4th at 114-15. However, that alone is not

5  sufficient to render the entire provision unconscionable. As noted above, some degree of

6  procedural unconscionability is allowed where, as in this case, the Court finds no substantive

7  unconscionability.

8  Plaintiff argues that defendant's failure "to provide a copy of the controlling arbitration

9  rules [] also supports a finding of procedural unconscionability." Dkt. No. 19 at 13. The

10 arbitration policy did not append a copy of the governing arbitration rules -- in this case the

11 American Arbitration Association ("AAA") rules -- because the rules were explicitly included in

12 the policy itself, which plaintiff not only received, but signed. Dkt. No. 17, Ex. G. Citi "modified

13 and expanded" the AAA rules and procedures, and detailed the 28 modified version within the

14 policy. So plaintiff cannot accurately claim she was not provided a copy of the controlling rules.

15 Finally, plaintiff alleges procedurally unconscionable "surprise" because the arbitration

16 clause was allegedly "buried" in the agreements. Dkt. No. 19 at 13. This effort to escape

17 enforcement is completely unsupported by the evidence. Plaintiff signed or initialed six different

18 documents acknowledging her understanding that any and all disputes related to her employment

19 were subject to the arbitration agreement. These included her offer letter and the dual-

20 employment agreement (which both included notice of the arbitration agreement under clearly

21 labeled, bold and underlined headings), the principles of employment (a short 2-page form

22 containing a description of the arbitration agreement), an employment application (requiring a

23 signature on a page stating: "I understand that Citi has adopted . . . an employment arbitration

24 policy, described in applicable employee handbooks and in the Principles of Employment, which

25 requires me to submit any and all disputes related to my employment or the termination of my

26 employment to binding arbitration"), the Employee Handbook Receipt Form (which references the

27 arbitration policy), and the actual arbitration policy itself. Dkt. No. 17, Exs. A-E, G. There is no

28 element of surprise in this arbitration agreement.

6

Plaintiff has failed to establish that the arbitration agreement is in any way unconscionable. Consequently, the Court finds it is valid and enforceable, and that Assi's claims against Citi must be resolved in arbitration and not before this Court.

**II. MOTION FOR SANCTIONS**

Defendant's motion for sanctions against plaintiff and her counsel for refusal to arbitrate is denied. Each party will bear its own costs.

## CONCLUSION

The motion to compel arbitration is granted and the case is dismissed.

**IT IS SO ORDERED**.

Dated: January 13, 2015

_____
JAMES DONATO
United States District Judge